# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ZACHARY TYLER ROGERS, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:16-CR-0324-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:18-CV-4840-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Zachary Tyler Rogers' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 102], and the government's response, [Doc. 105].[1]  For the reasons that follow, it is **RECOMMENDED** that Rogers' § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned an indictment against Rogers charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1). [Doc. 1]. Represented by retained counsel Mark

---

[1] Although the government also labels its response as a "Motion to Dismiss," it does not include any arguments for dismissal. [Doc. 105]. Accordingly, the Clerk of Court is **DIRECTED** to **TERMINATE** the motion.

Issa, Rogers entered a negotiated guilty plea. [Doc. 51]. At the plea hearing, Rogers was placed under oath, confirmed that he had signed the plea agreement, and expressly agreed that he would inform the Court if he did not understand any of the Court's questions, acknowledging that he was required to answer truthfully subject to the penalties of perjury. [Doc. 99 at 2-4]. The Court then explained the rights Rogers was giving up by pleading guilty, including his rights to a speedy jury trial, to the assistance of an attorney at trial, to be presumed innocent and could be convicted only if the government proved him guilty beyond a reasonable doubt, to subpoena witnesses and compel their attendance at trial, to cross-examine government witnesses and object to evidence, to decide whether to testify, and to a unanimous jury verdict. [Id. at 4-6]. Rogers confirmed that he understood these rights and was willing to waive them. [Id. at 4-7].

Next, the government summarized the terms of the plea agreement, and Rogers agreed with the government's description and acknowledged that no one had threatened or forced him to plead guilty, promised him a particular sentence, promised him anything not contained in the plea agreement, or advised him not to tell the complete truth. [Id. at 7-12]. Rogers then confirmed that he had sufficient time to discuss this matter fully with his attorney prior to entering a plea of guilty and that he

2

was satisfied with his lawyer's representation. [Id. at 13-14]. Furthermore, in Rogers' signed plea agreement, he represented that he was "fully satisfied with the representation provided to [him] by [his] attorney in this case." [Doc. 51-1 at 14].

Rogers then confirmed that he understood the nature of the charge against him and that he faced a possible maximum sentence of ten years of imprisonment. [Doc. 99 at 14-15]. The Court explained that it would consider the United States Sentencing Guidelines in determining a reasonable sentence but could impose a sentence above or below the guideline range, and Rogers affirmed that he understood. [Id. at 15-16]. Rogers also understood that he could not withdraw his plea if he received a higher sentence than he expected or if the Court did not accept the government's sentencing recommendations. [Id. at 17-18]. The government summarized what the evidence would show if the case went to trial, and Rogers affirmed that he did not disagree with any of the facts stated by the government and that he was guilty of possessing a firearm after having been convicted of a felony. [Id. at 18-20]. The Court accepted Rogers' plea, finding that Rogers understood the charge "and the consequences of his plea of guilty." [Id. at 20].

At sentencing, the Court determined that Rogers' guideline range was 110 to 137 months of imprisonment. [Doc. 95 at 19]. The Court sentenced Rogers to 110

months of imprisonment. [Id. at 27; Doc. 74]. Rogers timely filed a notice of appeal, [Doc. 77], but later voluntarily dismissed his appeal. [Doc. 101].

Rogers timely filed this pro se § 2255 motion, arguing that he received ineffective assistance of counsel when counsel failed to (1) explain his constitutional rights and the consequences of a guilty plea, (2) argue on his behalf during plea negotiations, (3) interview favorable witnesses, and (4) convey an earlier plea offer. [Doc. 102 at 4-5, 7-8]. The government responds that Rogers' grounds for relief lack merit. [Doc. 105 at 8-14].

## II.  DISCUSSION

### A.  Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from

5

counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Additionally,

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

**B.    Ground (1): Failure to Explain Constitutional Rights and Consequences of Plea**

In ground one, Rogers contends that counsel failed to explain his constitutional rights and the benefits and consequences of a guilty plea versus going to trial. [Doc. 102 at 4]. Although Rogers states that he "would have selected to go to trial" had he "been properly advised," he does not specify what rights, benefits, or consequences counsel allegedly failed to explain. [Id.]. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (citation omitted).

6

In any event, the Court thoroughly advised Rogers during the plea hearing of the constitutional rights waived by his guilty plea, and Rogers acknowledged that he understood and was willing to waive those rights. [Doc. 99 at 4-7]. Rogers has not met his "heavy burden" to show that the statements he made during his plea colloquy were false. See Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (holding that self-serving allegations in § 2255 motion were insufficient to rebut the presumption that statements made during plea colloquy were true and correct); Wilcox v. United States, No. 8:10-CV-1917-T-27EAJ, 2011 WL 5975683, at *10 (M.D. Fla. Nov. 29, 2011) ("In sum, Petitioner presents no credible evidence, other than his own self serving, after-the-fact contentions, that he was not competent to enter a knowing and voluntary guilty plea, that his attorney was in the slightest degree remiss in his advice and representation concerning the plea, or that he would not have pleaded guilty and insisted on a trial but for counsel's alleged deficient performance."). Accordingly, Rogers has failed to show that counsel's allegedly inadequate advise prevented him from making an intelligent and reasonable decision to plead guilty, as any omission by counsel was cured by the Court's detailed explanation of Rogers' rights during the plea colloquy. United States v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (per curiam).

### C. Ground (2): Failue to Argue During Plea Negotiations

Next, Rogers maintains that counsel "failed to make any arguments on [his] behalf during the plea negotiations" and that, had counsel done so, he "would not have been prosecuted so harshly." [Doc. 102 at 5]. However, the existence of a plea agreement shows that counsel engaged in negotiations that benefitted Rogers, who does not allege what more counsel could have done and also makes no showing that the government was willing to agree to any additional favorable terms that would have resulted in a lower sentence. Furthermore, Rogers stated in his plea agreement and during the plea colloquy that he was satisfied with counsel's representation. [Doc. 99 at 13-14; Doc. 51-1 at 14]. Thus, Rogers has not shown deficient performance by counsel or prejudice as to this ground. See Guyadeen v. United States, Nos. 3:04-cv-1143-J-32MCR, 3:01-cr-160-J-32MCR, 2006 WL 1360894, at *3 (M.D. Fla. May 17, 2016) (finding that defendant did not show inadequate performance by counsel or prejudice where he offered "no suggestion as to how his counsel should have performed during plea agreement negotiations," recognized "his 'complete satisfaction' with his counsel in the plea agreement," and presented "no evidence that the government would have acquiesced" to any substitute conditions to the agreement); Torres v. United States, No. 1:08-CR-0457-3-CAP, 1:12-CV-01504-CAP,

8

2013 WL 450928, at *4 (N.D. Ga. Jan. 15, 2013) ("[U]nsupported and conclusory allegations" that counsel "could have negotiated a more favorable plea agreement" are "insufficient to support [a § 2255] motion or require a hearing."), report and recommendation adopted, 2013 WL 459838, at *1 (N.D. Ga. Feb. 6, 2013).

### D.    Ground (3): Failure to Interview Favorable Witnesses

Rogers also asserts that counsel failed to interview favorable defense witnesses. [Doc. 102 at 7]. However, Rogers does not identify these "favorable witnesses" or provide a summary of their expected testimony. Accordingly, he fails to show deficient performance of counsel or prejudice as to this ground. See Ferry v. Sec'y, Dep't of Corr., No. 17-13714-C, 2018 WL 4042893, at *4 (11th Cir. 2018) (finding claims "too conclusory and speculative to warrant relief" where defendant did not allege the identities of favorable witnesses or the substance of their proposed testimony).

### E.    Ground (4): Failure to Convey Earlier Plea Offer

Finally, Rogers claims that counsel failed to convey an earlier plea offer. [Doc. 102 at 8]. In order to establish prejudice based on counsel's alleged failure to advise him of an earlier plea offer, Rogers must show that

>there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 566 U.S. 156, 164 (2012). Rogers has not disclosed the details of the earlier plea offer, stated when the offer was made or how long it was available to him, or asserted that he would have accepted the offer or that it would have resulted in a lesser sentence. Because Rogers "has failed to allege 'reasonably specific, non-conclusory facts,'" he fails to show "that he suffered prejudice." Saunders v. United States, 278 F. App'x 976, 979 (11th Cir. 2008) (per curiam) (concluding that defendant failed to demonstrate prejudice based on counsel's allegedly erroneous advice regarding whether to plead guilty, where defendant did not "disclose the details of his alleged plea offer").

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District

Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Rogers' grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Rogers' § 2255 motion, [Doc. 102], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of January, 2019.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)